# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| HARVEY GRIFFIN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1675 CEJ |
| | ) | |
| IHOP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's submission of an amended complaint. Because plaintiff is proceeding in forma pauperis, the Court is required to review the amended complaint under 28 U.S.C. § 1915(e). For the reasons stated below, the Court finds that the complaint should be partially dismissed before process is issued. Additionally, the Court will order the Clerk to serve process or cause process to issue on the non-frivolous claims in the complaint.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. Plaintiff alleges in his complaint that he was discriminated against on the basis of his race, sex, and age, and that defendant retaliated against him.

Plaintiff attached to his complaint a copy of his the Charge of Discrimination he filed with the Equal Employment Opportunity Commission (EEOC). In the Charge, plaintiff alleged that he had been discriminated against on the basis of his race and sex. Plaintiff did not allege age discrimination or retaliation in the administrative proceedings.

At all times relevant to the complaint, plaintiff was employed by defendant as a server and cook at the IHOP restaurant in Clayton, Missouri. Plaintiff alleges that he was

disciplined, harassed, and eventually fired because of his race, sex, and age. Plaintiff further alleges white and Hispanic employees were treated differently than he was.

## Discussion

"[T]he sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir. 1988) (quoting Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir. 1985)). "Allegations outside the scope of the EEOC charge . . . circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir. 2000); see Duncan v. Delta Consolitated Indus., Inc., 371 F.3d 1020, 1024 (8th Cir. 2004) (noting that a plaintiff's claims must be like or reasonably related to the claims outlined in the administrative charge). Plaintiff's claims of age discrimination and retaliation are not like or reasonably related to the claims plaintiff made in his Charge of Discrimination. Duncan, 371 F.3d at 1024; Mathews v. St. Louis University, 2006 WL 269992 (E.D. Mo. 2006) ("Plaintiff's claims of gender and age discrimination are in no way like or reasonably related to the race discrimination allegations contained in his administrative charge."). As a result, plaintiff's claims of age discrimination and retaliation will be dismissed under 28 U.S.C. § 1915(e).

"To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she was engaged in a protected activity (opposition or participation); (2) she suffered an adverse employment action; and (3) the adverse action occurred because she was engaged in the protected activity." Hunt v. Nebraska Public Power Dist., 282 F.3d 1021, 1028 (8th Cir. 2002). The complaint contains no allegations that plaintiff engaged in any protected activity before the allegedly retaliatory action occurred. As a result, the complaint does not state a prima facie case of retaliation under Title VII.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims of age discrimination and retaliation are **dismissed**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on the complaint.

An Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 7th day of January, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE